**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.    20-10204 |
| Plaintiff-Appellee, | D.C. No. 4:09-cr-00337-JD-1 |
| v. | |
| DANIEL LAWRENCE MCCOY, | MEMORANDUM* |
| Defendant-Appellant. | |

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.    20-10205 |
| Plaintiff-Appellee, | D.C. No. 4:19-cr-00067-JD-1 |
| v. | |
| DANIEL LAWRENCE MCCOY, | |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Northern District of California
James Donato, District Judge, Presiding

Argued and Submitted October 6, 2021
San Francisco, California

---

        *      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

Before:  THOMAS, Chief Judge, and HAWKINS and FRIEDLAND, Circuit Judges.

Daniel McCoy appeals the district court's order denying his motion to suppress and the district court's imposition of a condition of supervised release that requires he submit his electronic devices to search.

We review de novo the district court's denial of a motion to suppress and review any factual findings underlying the denial for clear error. *United States v. Zapien*, 861 F.3d 971, 974 (9th Cir. 2017).  When a criminal defendant has forfeited a challenge to the district court's decision to impose a condition of supervised release, we review the imposition of the condition for plain error. *United States v. Barsumyan*, 517 F.3d 1154, 1160 (9th Cir. 2008).  We have jurisdiction under 28 U.S.C. § 1291.  We affirm.

1.      The district court properly denied McCoy's suppression motion.  The responding officers had probable cause to arrest McCoy and search his person and vehicle because the personal and experiential knowledge of closed circuit television officer Domingo could be imputed to them under the collective knowledge doctrine.  *See United States v. Ramirez*, 473 F.3d 1026, 1037 (9th Cir. 2007) ("[When] one officer knows facts constituting reasonable suspicion or probable cause . . . and he communicates an appropriate order or request, another

2

officer may conduct a warrantless stop, search, or arrest without violating the Fourth Amendment."). The officers' warrantless search of McCoy and his vehicle was therefore permissible either as a search incident to arrest or under the automobile exception to the Fourth Amendment. *See Arizona v. Gant*, 556 U.S. 332, 351 (2009); *United States v. Pinela-Hernandez*, 262 F.3d 974, 978 (9th Cir. 2001).

The collective knowledge doctrine is not limited to active, sworn law enforcement officers. *See United States v. Robinson*, 536 F.2d 1298, 1300 (9th Cir. 1976) (indicating information could be imputed from police dispatcher to responding officer). The civilian police department employee, who had previously served as a sworn police officer for twenty-five years, had the requisite personal knowledge, training, and experience to develop probable cause in this case. As a police officer, he had attended specialized training in the identification and investigation of controlled substance violations. He had been qualified as an expert in the identification and sale of controlled substances more than 100 times in state courts. During his career as a law enforcement officer, he had witnessed 400 sales of controlled substances while conducting surveillance, including approximately 100 sales within the prior nine years. That background and training

was more than sufficient for his knowledge to have been imputed to responding officers under the collective knowledge doctrine. *See Ramirez*, 473 F.3d at 1037.

2. The district court did not commit plain error in imposing a suspicionless search condition, pursuant to the terms of the plea agreement, that required that McCoy subject his "electronic devices and their data (including cell phones, computers, and electronic storage media)" to search with or without suspicion. The government contended in its sentencing memorandum that the condition was necessary because of McCoy's past significant criminal history involving narcotics and his prior violations of supervised release. The court concluded at sentencing that "a suspicionless search clause would be appropriate given Mr. McCoy's long history of illicit drug sales." McCoy did not object to the condition in his sentencing memorandum or at sentencing. To the contrary, McCoy appeared to recognize that accepting the strict terms of supervised release would afford him the best chance of receiving his preferred sentence of time served and supervised release—and he did in fact receive that sentence and so avoided further prison time. Under these circumstances, the imposition of the condition did not "seriously affect[] the fairness, integrity, or public reputation of judicial proceedings." *United States v. Hayat*, 710 F.3d 875, 895 (9th Cir. 2013) (internal

4

quotation marks omitted). There was no plain error in the imposition of the condition.

**AFFIRMED.**